UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

UNITED STATES OF AMERICA,

           **10 Cr. 122 (JGK)**

      - against -

           <u>MEMORANDUM OPINION AND</u>

MELISSA G. KING,
           <u>ORDER</u>

          **Defendant.**
─────────────────────────────────

**JOHN G. KOELTL, District Judge:**

    The Government has moved to compel the public filing, by means of the Court's ECF system, of the defendant's sentencing submissions in this case.  The Government also opposes implicitly the defendant's request that the Government be ordered to file its submission under seal.  The Government's application is supported by The New York Times, as well as by the Construction Workers Local 147 Annuity Fund, Local 147 Construction Workers Retirement Fund, Local 147 Construction Workers Additional Security Benefits Fund (collectively, the "Benefit Funds"); the Benefit Funds' participants and beneficiaries, and several individuals acting as Trustees of the Benefit Funds.

    The Government contends that all of the defendant's sentencing submissions should be filed by means of the ECF system with the exception of (1) the material required to be redacted pursuant to Rule 49.1 of the Federal Rules of Criminal

Procedure relating to certain personal identifying information such as social security numbers and home addresses; (2) certain medical information relating to third parties; and (3) a specific disputed allegation relating to the defendant's former husband. The Government, supported by the other parties who have made submissions to the Court, contend that there is a public right of access to sentencing submissions and that the defendant has made no particularized showing to overcome that right. The defendant relies generally on her right to privacy in the sentencing submissions, including her personal medical records and information about her family situation.

## I.

The public has a qualified right of access to judicial proceedings and documents, under both the common law and the First Amendment. See Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 10 (1986) (First Amendment right of access to preliminary hearings); Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978) (common-law right of access to judicial documents). Courts in this Circuit have recognized both of these rights with respect to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006); United States v. Sattar, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (collecting cases). This right of access extends to

materials submitted to the Court in connection with sentencing that the Court is asked to consider.  See United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005) ("[A] qualified First Amendment right of public access attaches to sentencing proceedings."); United States v. Park, 619 F. Supp. 2d 89, 93-94 (S.D.N.Y. 2009); United States v. Strevell, No. 05 Cr. 477, 2009 WL 577910, at *4 (N.D.N.Y. Mar. 4, 2009); Sattar, 471 F. Supp. 2d at 385-87; United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008).  Such materials include, for example, letters submitted in support of the defendant's sentencing submissions, see Sattar, 471 F. Supp. 2d at 385-87, and medical records on which the Court is asked to rely as a factor in mitigation in favor of the defendant, see id.; Dare, 568 F. Supp. 2d at 244.[1]

The common-law presumption of access can be overcome if a sufficiently compelling countervailing interest is demonstrated. See Lugosch, 435 F.3d at 120; Sattar, 471 F. Supp. 2d at 387. Similarly, the First Amendment right can be overcome if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  Press Enterprise, 478 U.S. at 13-14 (internal quotation marks and citation omitted); Lugosch,

---

[1] Certain sentencing documents, such as presentence reports, are generally not subject to public disclosure.  See Strevell, 2009 WL 577910, at *4 n.4; Dare, 568 F. Supp. 2d at 244 (citing United States v. Charmer Indus., 711 F.2d 1164, 1171 (2d Cir. 1983)).

435 F.3d at 120 (internal quotation marks and citation omitted); see also Strevell, 2009 WL 577910, at *4 (discussing the standards under both common law and the First Amendment). The party seeking to seal the documents in question bears the burden of showing that higher values overcome the presumption of access. See E.E.O.C. v. Kelley Drye & Warren LLP, No. 10 Civ. 655, 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (citing DiRussa v. Dean Witter Reynolds Inc., 121 F.3d 818, 826 (2d Cir. 1997)). In certain instances, the privacy interest of the person resisting disclosure can be sufficient to overcome the public right of access. See Lugosch, 435 F.3d at 120; United States v. Amodeo ("Amodeo II"), 71 F.3d 1044, 1050-51 (2d Cir. 1995); Strevell, 2009 WL 577910, at *4 (collecting cases); Sattar, 471 F. Supp. 2d at 387-88. However, any claimed exception to the right of access should be based on a particularized showing of need, and any redactions would be required to be narrowly tailored to accomplish the overriding interest. See, e.g., Press-Enterprise, 478 U.S. at 13-14; Lugosch, 435 F.3d at 120.[2]

---

[2] The parties have not sought to distinguish between the common-law right of access and the First Amendment right of access, and it is unnecessary to do so in this case because it is clear that, except as noted below, the defendant has failed to make the necessary showing to overcome either right.

In this case, the defendant has failed to make any showing of the need to seal the entirety of the sentencing submissions. The sentencing submissions consist largely of financial information about the Benefit Funds and the defendant's relation to the Benefit Funds. They also consist of letters of support for the defendant and sentencing memoranda that make legal arguments in favor of the defendant's position with respect to sentencing. The defendant has pointed to no plausible overriding interest in shielding those submissions from public scrutiny, and the public should be afforded the opportunity to review the materials that the Court has considered in arriving at the sentence in this case. See, e.g., Strevell, 2009 WL 577910, at *4 (access to sentencing submissions warranted because "[t]he defendant, the government and the public all have a right to know what information influences a judicial assessment of reasonable punishment"). While the defendant makes a generalized assertion of privacy to support her argument that all sentencing submissions should be sealed, "a formulaic recitation of [a privacy] interest will not suffice to justify sealing." Id. at *5.

With respect to specific information that the defendant seeks to seal, the defendant first contends that her own medical records should be shielded from public disclosure. However, the

defendant has failed to show that there is a sufficiently compelling interest in sealing these records. The records relate to medical conditions that the Court has been asked to consider in arriving at the sentence in this case, and they are neither extensive, nor do they delve into extraneous matters. See Dare, 568 F. Supp. 2d at 244 (defendant's privacy interest in medical records minimized where the "Defendant has chosen to introduce the medical information in an attempt to mitigate his sentence"); cf. Sattar, 471 F. Supp. 2d at 388 (allowing redaction of certain highly personal information in psychological report where such information was extraneous to sentencing and therefore "would not promote any of the values associated with public scrutiny of the sentencing process"); but cf. United States v. Roeder, No. 05 Cr. 6161, 2009 WL 385448, at *2 (W.D.N.Y. Feb. 13, 2009) (sealing letters from the defendant's psychotherapist and psychiatrist). Thus, the defendant has failed to make a sufficient showing that the sealing of her medical records is warranted.

The Government has pointed to three specific categories of information for which it asserts there is a basis for redaction.

First, the Government points to the need to redact certain personal identifying information, such as social security numbers, home addresses, and taxpayer identification numbers.

These redactions are authorized under Rule 49.1 of the Federal Rules of Criminal Procedure and should be made.

Second, the Government points to records containing medical information about the defendant's daughter and parents. The need to protect the privacy of these third parties is a compelling one, see Amodeo II, 71 F.3d at 1050-51 ("We have previously held that '[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.'" (quoting Gardner v. Newsday, Inc. (In re Newsday, Inc.), 895 F.2d 74, 79-80 (2d Cir. 1990))), which overrides any public interest in the disclosure of these materials because such materials are truly tangential to the sentencing decision in this case. See Lugosch, 435 F.3d at 119 (weight of presumption of access diminished where information at issue is tangential or irrelevant); Amodeo II, 71 F.3d at 1049 (weight of presumption varies "on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance"); Sattar, 471 F. Supp. 2d at 388 (redaction authorized where material was extraneous to sentencing decision). Thus, the sentencing submissions should be redacted to avoid disclosure of records containing medical information regarding the defendant's daughter and parents.

Third, there is a specific allegation relating to the defendant's former husband in the defendant's sentencing memorandum, and a response by the Government.  The references are brief and do not affect the sentence and fall within that class of material that the Court of Appeals for the Second Circuit has said can be redacted "to insure that [the courts'] records are not 'used to gratify private spite or promote public scandal.'"  Amodeo II, 71 F.3d at 1051 (quoting Nixon, 435 U.S. at 598).  The allegation and response do not affect the sentence, and there is no public interest in any public airing.  Thus, the redaction of this information is warranted.

The defendant has asserted that there is no time to make the necessary redactions because the defense is involved in preparation for the sentencing.  The Government has indicated that it will assure that the redactions are made and that the documents are filed promptly on ECF.  Thus, any objection to the public filing of the sentencing submissions on the basis of time constraints is unwarranted.


### CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, they are either moot or without merit.  For the reasons explained above, the Government's motion to compel is **granted.**  The

defense's request that the Government's sentencing submission be filed under seal is **denied**. Accordingly, subject to the three exceptions noted above, the defendant's sentencing submissions should be filed publicly by means of the Court's ECF system. The Government should provide redacted copies of the submissions to the defense for prompt review and filing. Similarly, the Government submission should be filed by means of the ECF system after making the same redactions and providing a copy to the defendant. The submissions should be filed by **June 19, 2012.**

The Clerk is directed to close Docket No. 264.

**SO ORDERED.**

**Dated:    New York, New York**
**June/5, 2012**

John G. Koeltl
United States District Judge